UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 15-cv-00655-JCS<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

## I.   INTRODUCTION

On February 10, 2015, Plaintiff State Farm Mutual Automobile Insurance Company filed this lawsuit against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680.  Plaintiff seeks subrogation to recover $2,645.95 plus costs for property damage arising from an automobile collision on March 5, 2014, between Plaintiff's insured Joan Peck and Harry Singh, a postal driver for the United States Postal Service ("USPS").  The parties dispute which driver was at fault for the accident.  Joint Proposed Final Pretrial Order (dkt. 20) at 2.  The Court conducted a nonjury trial on September 28, 2015.  Pursuant to Federal Rule of Civil Procedure 52(a), the Court hereby makes the following findings of fact and conclusions of law.[1]

## II.   FINDINGS OF FACT

At trial, Ms. Peck and Mr. Singh testified about the events leading to the collision.  The parties also offered as evidence a picture of the collision location and a picture of the USPS truck after the collision.  No expert witnesses testified.  Based on the facts stipulated to by the parties and the evidence found credible by the Court, the Court finds the following Facts:

1. On the afternoon of March 5, 2014, Plaintiff's insured Joan Peck and Defendant's driver

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

1    Harinderjit ("Harry") Singh were involved in a motor vehicle collision on Hillside Avenue
2    in Kentfield, California.  Ms. Peck was driving a 2010 Toyota Prius, and Mr. Singh was
3    driving a USPS postal delivery truck.
4  2. Defendant United States was the registered owner of the vehicle driven by Mr. Singh at the
5    time of the collision.
6  3. Mr. Singh was an employee of Defendant and was working during a shift as a postal driver
7    for the USPS when the collision occurred.
8  4. Hillside Avenue is a narrow, hilly road with some blind curves.
9  5. Before the collision, Ms. Peck's vehicle and Mr. Singh's vehicle were traveling in opposite
10   directions towards one another on Hillside Avenue.  Ms. Peck's vehicle was traveling
11   uphill, and Mr. Singh's vehicle was traveling downhill.
12 6. The collision occurred when the vehicles passed one another on the narrow road.  The rear
13   bumper on the driver's side of the USPS truck came into contact with the driver's side of
14   Ms. Peck's vehicle, leaving Ms. Peck's vehicle with a long scratch.
15 7. Ms. Peck testified that as the two vehicles approached one another, she came to a stop
16   before proceeding slowly uphill.  She testified that Mr. Singh paused, but did not stop and
17   proceeded slowly downhill, passing her vehicle without stopping as the collision occurred.
18   Mr. Singh testified that he stopped as the two cars approached one another and that he was
19   still stopped, evaluating options for backing his truck uphill, when the collision occurred.
20   He testified that he had pulled his vehicle all the way to the hill side of the road so that the
21   right side of his vehicle was touching the hillside.  Mr. Singh testified that there was
22   sufficient room for Ms. Peck to drive past Mr. Singh's vehicle.  He testified that other cars
23   have passed him at this spot.  He testified that a vehicle which was larger than Ms.
24   Peck's—an Acura MDX—passed Mr. Singh's vehicle.  In addition, the photograph
25   (Exhibit 3) of the scene clearly shows that there is sufficient room for a vehicle to pass Mr.
26   Singh's truck.  There was no contrary evidence introduced at trial — other than the bare
27   fact that an accident occurred.  The Court finds Mr. Singh's testimony credible and finds
28   that he stopped his vehicle in a position which left sufficient room for Ms. Peck to pass

1    going uphill.

2    8. As a result of the collision, Plaintiff's damages are $2,645.95, including the insured's $250 deductible.

4    9. Plaintiff filed an administrative claim with the USPS for $2,645.95 on October 2, 2014. The USPS denied the claim on January 15, 2015.

### III. CONCLUSIONS OF LAW

1. As Ms. Peck's insurer, Plaintiff has the right to subrogate for its uncompensated loss. *Pac. Gas & Elec. Co. v. Superior Court*, 144 Cal. App. 4th 19, 23 (2006).

2. The parties have stipulated that Plaintiff's damages are $2,645.95.

3. Plaintiff has alleged negligence on the part of Mr. Singh within the scope of his employment as an employee of the United States. This action is therefore governed by the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680.

4. Under the Federal Tort Claims Act, the United States has waived sovereign immunity to tort liability:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

5. At the time of the accident, Mr. Singh was acting "within the scope of his office or employment" for the federal government as a postal driver for the USPS. *Id.*

6. 28 U.S.C. § 2675 prohibits a party from bringing a lawsuit against the United States under the Federal Tort Claims Act "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." The USPS's denial of Plaintiff's administrative claim for $2,645.95 satisfies this prerequisite for bringing a lawsuit under the Federal Tort Claims Act.

7. The Federal Tort Claims Act directs courts to apply "the law of the place where the act or omission occurred." *Id.* § 1346(b)(1). Because the allegedly negligent act occurred in

California, California law provides the controlling principles of tort law for this action.

8. The United States may therefore be liable under the Federal Tort Claims Act if Mr. Singh's tortious conduct caused the collision and damage. *See id*.

9. Under California law, the elements of a negligence cause of action are (1) a legal duty to use care, (2) a breach of such legal duty, and (3) that the breach of the duty was the proximate or legal cause of the resulting injury. *U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 594 (1970). Plaintiff has the burden of proving these elements by a preponderance of the evidence. Negligence may be presumed if Plaintiff shows that Mr. Singh violated a statute, which caused injury of the type the statute was designed to prevent. Cal. Evid. Code. § 669.[2]

10. Under California law, the contributory negligence of an injured party diminishes that party's recovery "in proportion to the amount of negligence attributable to the person recovering." *Li v. Yellow Cab Co.*, 13 Cal. 3d 804, 829 (1975); *see also* Cal. Civ. Code § 1714 ("Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself.").

11. Mr. Singh had a legal duty to use care. Section 21661 of the California Vehicle Code provides the applicable standard of care for vehicles passing in opposite directions on a narrow, hilly road such as Hillside Avenue. Section 21661 provides:
> Whenever upon any grade the width of the roadway is insufficient to permit the passing of vehicles approaching from opposite directions at the point of meeting, the driver of the vehicle descending the grade shall yield the right-of-way to the vehicle ascending the grade and shall, if necessary, back his vehicle to a place in the highway where it is possible for the vehicles to pass.

12. The Court finds that Mr. Singh was not negligent. He stopped his vehicle, and there was sufficient room for Ms. Peck's vehicle to pass.

---

[2] California's evidentiary framework for negligence *per se* applies to this claim because the framework is "the application of an evidentiary presumption provided by Cal. Evid. Code § 669." *See Carson v. Depuy Spine, Inc.*, 365 F. App'x 812, 815 (9th Cir. 2010).

4

1  IV.     CONCLUSION

2        The Court concludes that Plaintiff has failed to show by a preponderance of the evidence
3  that Mr. Singh negligently caused the damage to damage to Ms. Peck's vehicle.  The Defendant
4  therefore is not liable.  Judgment shall be entered for the Defendant.

6  Dated:  October 7, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge